UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOUGLAS JOESEPH JONES,** ) | Case No. 6:15-cv-01558-JE |
| ) | |
| Plaintiff, ) | **OPINION AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| **CAROLYN W. COLVIN**, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Douglas Jones, pro se.

Billy J. Williams
United States Attorney
Janice E. Herbert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Jordan D. Goddard
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A

Seattle, WA 98104-7075
    Attorneys for Defendant

**Jelderks, Magistrate Judge**:

Plaintiff Douglas Jones (plaintiff) seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Because the Commissioner's decision is supported by substantial evidence, the decision is **AFFIRMED**.

## Procedural Background

Plaintiff protectively filed an application for DIB on May 17, 2012, alleging disability as of October 31, 2010 due to arthritis, numbness in his foot and ankle, depression, poor mood, gout, and pre-diabetes. Tr. 11, 146-56, 219. His application was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 78-87, 88-101. On April 22, 2014, a hearing was held before ALJ John Michaelsen. Tr. 29-76. At the hearing, plaintiff amended his alleged onset date to April 20, 2012. Tr. 11, 34.

On June 12, 2014, ALJ Michaelsen issued a decision finding plaintiff not disabled. Tr. 11-28. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final order of the Commissioner. Tr. 1-6. This appeal followed.

## Background

Born in May, 1960, plaintiff was 51 years old on his amended alleged onset date. Tr. 148. He speaks English and completed the tenth grade. Tr. 60. He has past work experience as a cook and as a kitchen manager. Tr. 65, 226-27. Plaintiff is a veteran of the United States Army, having served from May 1978 to May 1979 as a supply clerk. Tr. 226, 506.
/////

**Disability Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011); see also 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the

>   claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

>   4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

>   5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.R.F. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled.

Id. See also Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. Id. at 953; see also Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); Yuckert, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. Tackett, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Id.; see also 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. Bustamante, 262 F.3d at 953-54; Tackett, 180 F.3d at 1099.

### **Plaintiff's Statements**

At the administrative hearing, plaintiff testified that he stopped working on April 20, 2012 due to his conditions. Tr. 36. He stated that he was unable to perform heavy lifting and

that he had difficulty walking due to back pain. Plaintiff testified that he wakes up in pain every day and has a hard time moving about, especially in cold weather. Tr. 38. He takes medication for back pain that is not always effective, and has difficulty completing tasks, concentrating, and getting along with others. Tr. 41, 235. Plaintiff alleged that he was completely disabled due to his symptoms and limitations.

## ALJ's Decision

The ALJ performed the sequential analysis. At step one, he found plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 20, 2012. Tr. 14. At step two, the ALJ concluded plaintiff suffered the following severe impairments: lumbar scoliosis, spondylolysis and spondylolisthesis, depression, and history of substance abuse. Id.

At step three, the ALJ determined plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 15.

The ALJ next assessed plaintiff's residual functional capacity (RFC) and found that he retains the capacity to perform medium work with the following limitations: he can perform nor more than frequent stooping, kneeling, crouching, crawling, or climbing; and he is limited to jobs where he would have no more than occasional interaction with co-workers and the general public. Tr. 16.

At step four, the ALJ found plaintiff is unable to perform any of his past relevant work. Tr. 21. At step five, the ALJ found that plaintiff retained the RFC to perform jobs that exist in significant numbers in the national economy including dishwasher, hand packager, and cleaner. Tr. 21-22. The ALJ therefore concluded plaintiff was not disabled. Tr. 22-23.

/////

/////

**Standard of Review**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." Bray v. Comm'r, 554 F.3d 1219, 1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. Id.; see also Bray, 554 F.3d at 1226.

**Discussion**

Plaintiff is unrepresented by counsel and did not submit briefing identifying alleged errors in the ALJ's sequential analysis. In a filing entitled Memorandum in Support of Review and Reply Brief, however, plaintiff provides over 200 annotated pages of medical records, treatment notes, and correspondence. The court has considered plaintiff's Memorandum in light of the entire record and finds that the issues raised in plaintiff's Memorandum do not warrant a reversal of the ALJ's decision. Specifically, as explained below, the court finds that (1) the

ALJ's misstatement of elements of plaintiff's criminal history and treatment notes does not constitute harmful error; and (2) plaintiff has not shown good cause or materiality sufficient to justify a remand.

## I.      The ALJ's Misstatement of Facts

Plaintiff's Memorandum indicates the ALJ misstated facts about his legal history and treatment records.  Specifically, the ALJ wrote that "As of March 2014, the claimant's physician opined that his depression symptoms were "much better" with medication," and recited inaccurate information from the Department of Veterans' Affairs regarding plaintiff's legal history.  Tr. 15-17.  The Commissioner concedes that the ALJ erred in his recitation of the facts, but argues that this was harmless error.

In the Ninth Circuit, an error is harmless if it is inconsequential to the ultimate nondisability determination.  Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012).  Here, the ALJ found that plaintiff had social deficits, based in part on the fact that "a stalking order was served against the claimant."  Tr. 15.  The ALJ also noted a history of driving under the influence and domestic violence offenses, as well as inconsistent statements about how well plaintiff generally got along with others.  Tr. 15-16.

On review, the Appeals Council removed the exhibit supporting the ALJ's finding regarding a stalking order, noting that the exhibit referred to a different claimant.  Tr. 15, 313, 432.  The Appeals Council, however, concluded that removal of this exhibit did not undermine the ALJ's ultimate nondisability determination.  The ALJ did not cite evidence of a stalking order or any other alleged legal issues in any findings other than those supporting impairment in plaintiff's social functioning.  Because the ALJ's errors in reciting the facts merely supported a

finding that plaintiff was limited in social functioning, they did not adversely affect plaintiff's disability application, and were therefore harmless. Molina, 674 F.3d at 1117.

The ALJ also erred by citing multiple felony convictions in finding that plaintiff had barriers to employment other than his alleged impairments. Tr. 18. The vocational counseling record, however, indicates that plaintiff only had one felony conviction. Tr. 703. This error was also harmless. As the VA noted, plaintiff's "rather lengthy arrest record," which included a misdemeanor in addition to a felony conviction, was a barrier to employment separate from his medical impairments, supporting the ALJ's reasoning in his credibility evaluation. Tr. 18, 879. This error did not undermine the ALJ's reasoning and was therefore harmless. Molina, 674 F.3d at 1117.

Finally, the ALJ's recitation of plaintiff's treatment history contains an error. Here, the records show that plaintiff established care with a new primary care physician, Magha Dissanayake, M.D., in March, 2014. Tr. 626-29. The ALJ failed to accurately summarize this provider's notes regarding plaintiff's depression, and found that plaintiff was doing "much better" with medication. Tr. 18. By contrast, the relevant notes state that plaintiff's "SDS index is 75, so how much he is better on Seroquel 50 mg once a day dose is not clear." Tr. 628.

The ALJ's misstatement of this treatment note was harmless. Dr. Dissanayake's opinion regarding plaintiff's depression merely expresses uncertainty regarding plaintiff's progress with medication, and therefore does not constitute a concrete limitation that should have been included in the RFC. Further, it does not contradict the other medical evidence regarding plaintiff's depression.[1] On this record, the ALJ's inaccurate statement of the medical evidence

---

[1] For example, treating psychiatrist Les Garwood, M.D., diagnosed depression and opined that it was at least partially due to alcohol abuse and pain. Tr. 691.

Page 8 – OPINION AND ORDER

did not affect the ultimate nondisability determination, and was therefore harmless error. Molina, 674 F.3d at 1117.

## II.     Requirements for Amending the Record

As discussed above, plaintiff has submitted new evidence in his Memorandum that was not presented to the Agency and therefore was not available to the ALJ when he made his nondisability determination.  A court may remand a matter to the agency for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g) only when such evidence is material and the claimant establishes good cause for failing to submit it during administrative proceedings.  42 U.S.C. § 405(g); see also Orteza v. Shalala, 50 F.3d 748, 751 (9th Cir. 1994).

Here, plaintiff provides no argument that the evidence contained in his Memorandum was material, or that he had good cause for failing to submit this evidence during the administrative proceedings.  Moreover, on review of this evidence, the court finds that it would not alter the ALJ's ultimate decision.  Most of the records contained in the Memorandum post-date the ALJ's decision, and are therefore not material to the period under review.[2]  On this record, because plaintiff has not made the requisite showings of materiality and good cause, the evidence in his Memorandum does not warrant a remand of the Commissioner's decision.  The ALJ's decision is affirmed.

/////

/////

/////

---

[2] The records from consulting psychiatrist Kathleen Daly, M.D., dated September 28, 2015, are also not material. ECF No. 20, p. 54.  Dr. Daly noted that plaintiff had no difficulty sleeping on his medication, and was alert and oriented with an unusual manner of relating.  She also noted that plaintiff had reported that he was angry with the VA for falsely reporting information regarding substance abuse disorders and legal issues, and had initiated a lawsuit against the agency.  Dr. Daly also found that plaintiff was not suicidal. Id. at pp. 63-64.

Page 9 – OPINION AND ORDER

## Conclusion

The Commissioner's decision is supported by substantial evidence in the record and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 15th day of February, 2017.

                _____/s/ John Jelderks_____
                John Jelderks
                United States Magistrate Judge